IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20376
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-636-1
--------------------
December 19, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Counsel appointed to represent Willie James Johnson on appeal moves for leave to withdraw as appointed counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).

Johnson has filed a response, arguing that the indictment was defective because it failed to "inform" him "there is no risk of future prosections [sic] for the same offense or enables him to plea acquittal." A valid indictment "needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the double jeopardy clause in any subsequent proceeding." <u>United States v. Threadgill</u>, 172 F.3d 357, 373 (5th Cir. 1999)(citation and internal quotation marks omitted). The indictment which alleged each essential element of the offense charged and, thus, will allow Johnson to invoke the double jeopardy clause in any subsequent proceeding. There is no requirement that the indictment *inform* the defendant specifically that there is no risk of future prosecution. This issue is frivolous.

Our independent review of the appellate record and of the possible issues raised by counsel and by Johnson reveals no nonfrivolous issues. The motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. <u>See</u> 5TH CIR. R. 42.2.